# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Edward Smith, | Consolidated Cases Nos. |
| | 1-03-cv-189; 1:03-cv-422 |
|     Plaintiff | |
| vs | |
| John Sears, et al., | **ORDER** |
|     Defendants | (Weber, J.; Hogan, M.J.) |

This matter is before the Court on plaintiff's motion for extension of time to file motions and discovery and to appoint counsel (Doc. 48), and defendants' memorandum in opposition. (Doc. 49).

Plaintiff filed this action pro se on March 17, 2003. (Doc. 1). The Court's initial scheduling order set the discovery deadline as February 23, 2004, and the dispositive motion deadline as March 23, 2004. (Doc. 7). The discovery and dispositive motion deadlines were subsequently extended until March 8, 2004 and April 6, 2004 respectively. (Docs. 24, 28). On April 2, 2004, counsel entered an appearance on behalf of plaintiff. (Doc. 29). The deadlines imposed by the Court were then extended by 90 days. (Doc. 31). Thereafter, plaintiff moved to proceed with this matter pro se and the Court granted counsel's motion to withdraw. (Doc. 35). On May 11, 2004, the Court again extended the discovery deadline to October 29, 2004 and the dispositive motion deadline to November 29, 2004. (Doc. 35). On December 30, 2004, the Court once again extended the discovery deadline to April 18, 2005 and the dispositive motion deadline to May 18, 2005. (Doc. 43). Plaintiff now seeks a fifth extension of the discovery and dispositive motion deadlines. (Doc. 48). Plaintiff has failed to give any justification for the request and, in any event, has had over two years to conduct discovery and prosecute this matter. Plaintiff has failed to show good

cause for any further extensions of the deadlines in this matter and therefore his motion is **DENIED**.

Plaintiff also seeks appointment of counsel in this matter.  The Court notes that counsel entered an appearance on behalf of plaintiff in this matter on April 2, 2004 (Doc. 29), and one month later plaintiff dismissed his counsel and moved to proceed pro se. (Doc. 33).  Plaintiff must now accept the consequences of his choices. In any event, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, s*ee Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.  Therefore, plaintiff's motion for appointment of counsel is **DENIED.**

**IT IS SO ORDERED.**

Date:  5/18/2005                   s/Timothy S. Hogan
                                          Timothy S. Hogan
                                          United States Magistrate Judge