IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Edward Smith, | : | Case No. 1:03CV189 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part Plaintiff's |
| John Sears, *et al.*, | : | Motion To Amend Complaint and |
| | : | Granting Plaintiff's Motion to Set |
| Defendants. | : | Aside Judgment in Part |

This matter is before the Court on the Plaintiff's Motion to Amend his Complaint (doc. 89), Defendants' Response in Opposition thereto (doc. 92), and Plaintiff's Reply in support (doc. 93). Also before the Court is the Plaintiff's Motion to Set Aside Judgment in Part (doc. 90), Defendants' Response in Opposition thereto (doc. 91), and Plaintiff's Reply in support (doc. 94). For the following reasons, the Court GRANTS Plaintiff's Motion to Amend his Complaint to the extent that it seeks to add a claim for relief under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc et seq. ("RLUIPA") and to add the Director of the Ohio Department of Rehabilitation and Correction ("ODRC") as a defendant. The Court additionally GRANTS Plaintiff's Motion to Set Aside Judgment in Part.

**I.   BACKGROUND**

Plaintiff Edward Smith, a state correctional facility inmate, filed a *pro se* Complaint on March 17, 2003, alleging that Defendants violated his constitutional rights during his incarceration. (Doc. 1.) Specifically, Smith alleged that Defendants interfered with his rights of religious expression, retaliated against him for seeking to practice his religion, and employed

1

excessive force in subjecting him to the cutting and trimming of his beard. (*Id.*) The Court initially dismissed three of Smith's claims *sua sponte* because it found he did not exhaust his administrative remedies. (Doc. 2.) However, after consolidating a second action filed by Smith and finding that he had exhausted his administrative remedies, the Court reinstated all of Smith's claims and allowed his original Complaint to serve as an amended complaint for the purpose of reinstating those claims. (Doc. 35.) Defendants moved to dismiss the Complaint (doc. 4), and the Court denied the motion (doc. 38).

Defendants did not file an answer to the Complaint but moved for summary judgment (doc. 52), which motion the Court granted in part based on the Magistrate's Report and Recommendation (docs. 59, 65). Pursuant to that Order, Smith's only remaining claim is his freedom of religion claim arising out of the First Amendment. As the trial of the matter approached, Smith moved the Court to appoint him counsel (doc. 71), which motion the Court granted on August 1, 2006 (doc. 76). Smith's newly appointed counsel proceeded to take the depositions of several Defendants and, on November 22, 2006, moved to amend Smith's Complaint to add certain defendants and a claim under the RLUIPA (doc. 89) and to set aside the judgment against Smith as to his Eight Amendment claim for excessive use of force (doc. 90). Trial in the matter is scheduled for February 26, 2007.

## II.  ANALYSIS

### A.  The Court Grants Smith's Motion for Leave to Amend to the Extent it Seeks to Add a Claim Under the RLUIPA.

As a preliminary matter, the Court rejects Smith's argument that he is entitled to file an amended complaint as a matter of right pursuant to Fed. Civ. R. 15(a). As explained above, Smith already has amended his complaint once by virtue of the Court's granting him permission

to use the Complaint filed in case number 1:03cv189 as his "Amended Complaint" in the consolidated matter. *See* Doc. 59 at 3. However, the Court in its discretion grants leave for Smith to amend his Complaint to state a claim under the RLUIPA.

A motion for leave to amend is addressed to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In exercising its discretion, the Court is required to grant leave to amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a). However, the Court may deny leave to amend where it appears that doing so would be unproductive or futile. *Foman*, 371 U.S. at 182.

The Court finds it appropriate to permit Smith to amend his Complaint to specify the RLUIPA as a basis for relief. The statute provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). RLUIPA reflects Congress' intent to redress the harms that result from preventing prison inmates from exercising their religion. "The statute's legislative history indicates that it was enacted to prevent correctional institutions from restricting 'religious liberty in egregious and unnecessary ways.'" *Mayweathers v. Terhune,* 328 F.Supp.2d 1086, 1101 (E.D. Cal. 2004) (quoting 146 Cong. Rec. S7774-01 (July 27, 2000) (Joint Statement of Senators Hatch and Kennedy)). The statute provides individuals with a private right of action and endows federal courts with broad remedial powers to correct such harms, stating that the "Act shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this Act and the Constitution." 42 U.S.C. §§ 2000cc-2(a), 2000cc-3(g).

Once a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc, the plaintiff bears the burden of persuasion on whether the regulation substantially burdens the plaintiff's exercise of religion and the state bears the burden of persuasion on all other elements.  42 U.S.C. § 2000cc-2(b). The Court finds that the RLUIPA is applicable to Smith's case and, accordingly, justice requires that the Court permit Smith to amend his complaint to specify RLUIPA as a basis for relief.[1]

### B. The Court Grants Smith's Motion for Leave to Amend to the Extent it Seeks to Add the Director of the ODRC as a Defendant.

On December 30, 2004, several Defendants, including the Director of the Ohio Department of Rehabilitation and Correction, were dismissed without prejudice for failure of service.  (Doc. 41.)  This left only employees or former employees of the Warren Correctional Institution ("WCI") as Defendants.  Smith was transferred from the WCI to the Southern Ohio Correctional Facility ("SOCF") on July 6, 2006.  Smith now seeks to add as defendants the ODRC Director and other individuals at the ODRC and the SOCF "to ensure that the prospective relief that he seeks will apply to prison officials at SOCF, as well as any other ODRC facility to which he may be transferred in the future." (Doc. 93 at 2.)

The Court finds that it is in the interest of justice to permit Smith to add the ODRC Director as a Defendant to this lawsuit so that the prospective relief he seeks–a proscription on the forced cutting of his beard–could be enforced in any Ohio facility to which he may be transferred.  For this same reason, the Court finds it unnecessary to allow Smith to name any

---

[1] The Court notes that the original complaint was drafted by Smith himself, and that pleadings filed by *pro se* litigants are to be liberally construed and should be held to less stringent standards than would be applied to pleadings prepared by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court will not now deny Smith the opportunity to make full use of his newly appointed counsel to assist him in clarifying the nature of his claims.

other additional defendants, as "[t]he Director of the ODRC is vested with total authority to prescribe the rules and regulations for *all* correctional facilities in Ohio." *McGuire v. Ameritech Services, Inc.*, 253 F.Supp.2d 988, 1007 (S.D. Ohio 2003) (emphasis added); *see also* Ohio Rev. Code § 5120.01 (delegating to the ODRC Director the authority to manage and direct the operations of the Department). Furthermore, the Court finds that Smith has exhausted his administrative remedies as to the Director of the ODRC such that Smith is entitled to pursue a judicial remedy as to that Defendant. *See* Doc. 2, Order by Judge Herman J. Weber, stating that "[t]he Court finds that plaintiff has shown exhaustion of the prison grievance procedure with respect to his First Amendment religious freedom claim" as to all named Defendants at that time, including the Director of the ODRC.

### C. The Court Grants Smith's Rule 60(b)(6) Motion for Partial Relief from Judgment.

Smith asks the Court to reconsider its Order granting summary judgment to Defendants on his Eight Amendment excessive use of force claim. The Court granted Defendants' motion to dismiss the claim based on the Report and Recommendation of the Magistrate Judge, who found that

> [w]hile plaintiff states his shoulder was injured in the process of the forced beard cut, he presents no evidence showing the extent of his alleged injury, while defendants' evidence shows he suffered no injury. Plaintiff has failed to present specific evidence showing the force used throughout this incident was applied maliciously and sadistically to cause harm rather than in good faith to enforce compliance with the grooming regulation.

(Doc. 59 at 18.)

Smith now urges the Court to reinstate his Eighth Amendment claim, arguing that evidence relevant to the claim–a videotape of the May 2, 2002 incident–was lost or destroyed by

5

the Defendants, and that this fact was not known to him until after the Court granted summary judgment to Defendants on the claim. Smith asserts that Defendants failed to preserve the videotape evidence as they were required to do by Fed. R. Civ. P. 34. He also asserts that Defendants' spoliation of this evidence supports an inference that the information contained in the video would have been unfavorable to the Defendants. Defendants respond that Smith knew the videotape had not been located before Defendants filed their motion for summary judgment and did not raise that issue in his opposition memorandum nor appeal the Court's decision granting summary judgment to Defendants.[2]

Civil Rule 60(b) vests the Court with authority to relieve a party from a final judgment or order for one of five specified reasons or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Sixth Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *See Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). However, a trial court's discretion in considering a motion made under Rule 60(b)(6) is "especially broad" given the underlying equitable principles involved. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Under the circumstances present in this case, the Court finds that Defendants' post-judgment admission that the videotape has been lost or destroyed constitutes exceptional

---

[2] Defendants also claim that Smith's Eighth Amendment claim is now barred by the statute of limitations. The Court finds that the applicable date for calculating the statute of limitations is the date of the initial filing. *See Ford v. Sharp*, 758 F.2d 1018, 1024 (5th Cir. 1985) ("This is not a new action that can be treated as if the original action had never filed.... The time period thus should be calculated backward from the time the original complaint was filed.")

circumstances within the ambit of relief from judgment under Rule 60(b)(6).  In reviewing the record, the Court finds that Smith, proceeding *pro se*, twice moved for discovery of the May 2, 2002 videotape, but Defendants did not produce it.  *See* related case *Smith v. Sears*, S.D. Ohio Case No. 1:03cv422, docs. 9, 25.  Thus, in opposing Defendants' motion for summary judgment on the Eighth Amendment claim, Smith had only his verified amended complaint as evidence in support of his claim.  Given this sparse evidence, and the Defendants' evidence demonstrating that the institution's medical staff found no injuries to Smith after the incident, the Magistrate Judge concluded that a rational trier of fact could not find for Smith on the claim.  It is true that Smith did not argue spoliation of the videotape evidence in his memorandum opposing Defendants' motion for summary judgment.  However, it was not until the Court ordered Defendants to produce the videotape in June 2006 that Defendants admitted by affidavit that they were unable to locate the videotape.  (Doc. 70.)

     To state a claim of excessive use of force in violation of the Eighth Amendment, a plaintiff need not make a showing of severe physical injury.  *McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990) (*citing Parrish v. Johnson*, 800 F.2d 600 (6th Cir.1986)).  Rather, an inmate need only demonstrate that the defendants' infliction of pain upon him was unnecessary and wanton.  *Id*.  That Smith has not produced evidence of physical injury is, therefore, not dispositive of his Eighth Amendment claim.  The videotape, which the Court now knows has been lost or destroyed, could have provided evidence in support of Smith's claim that excessive force was used.  Had Smith known of the spoliation, he might have asserted in his opposition to Defendants' motion that he was entitled to an inference that the information contained in the videotape was unfavorable to the Defendants.  Because neither Smith nor the Court was aware of the spoliation of the videotape evidence at the time summary judgment was being considered, the

Court concludes that summary judgment for Defendants on Smith's Eighth Amendment claim was improper.[3]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend his Complaint to the extent that it seeks to add a claim for relief under the RLUIPA and to add the Director of the ODRC as a defendant and GRANTS Plaintiff's Motion to Set Aside Judgment in Part. Smith is ordered to file an Amended Complaint in compliance with this Order and obtain service pursuant to Fed. R. Civ. P. 4. The trial date is hereby VACATED and a conference in chambers between the parties is scheduled for January 9, 2007 at 10:30 a.m.

IT IS SO ORDERED.

   s/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[3] The Court concludes that the spoliation of the videotape is grounds for a negative inference sufficient to defeat Defendants' motion for summary judgment, given that the Court must construe all evidence in a light most favorable to the non-moving party in deciding a Rule 56 motion. However, the Court does not decide at this time the propriety of an adverse inference jury instruction and cautions Smith that such an instruction may not be forthcoming.